**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**14526 Golden Bakery, LLC,**

     **Plaintiff,**                          **Case No.**

**vs.**

**Golden Bakery & Grill, LLC, a
Michigan limited liability company,
Hassan Khreis, an individual,
Golden Bakery, Inc., a Michigan
corporation, and Ali Soweidan, an
individual,**

     **Defendants.**

---

DICKINSON WRIGHT, PLLC

David S. Becker
55 West Monroe Street, Suite 1200
Chicago, Illinois 60603
(312) 641-0060
dbecker@dickinson-wright.com

Ashley Fernandez
2600 Big Beaver Rd., Suite 300
Troy, Michigan 48084
(248) 433-7200
afernandez@dickinson-wright.com

Frank G. Long (pending admission pro
hac vice)
1626 Wazee Street, Suite 200
Denver, Colorado 80202
(303) 723-8400
flong@dickinson-wright.com

*Counsel for Plaintiff,
  14526 Golden Bakery, LLC*

1

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND TRADEMARK INFRINGEMENT

Plaintiff 14526 Golden Bakery, LLC ("Plaintiff"), through its attorneys Dickinson Wright, PLLC, for its Complaint for Declaratory Judgment and Trademark Infringement against Golden Bakery & Grill, LLC and Hassan A. Khreis (collectively the "Dearborn Heights Defendants"), Golden Bakery, Inc. and Ali Soweidan (collectively with the Dearborn Heights Defendants and Golden Bakery, Inc., "Defendants") alleges as follows:

## NATURE OF THE ACTION

1.      Plaintiff brings this claim for a declaratory judgment stating that: (a) Plaintiff is the senior owner of rights to the GOLDEN BAKERY name as a trademark for retail food products and as a service mark for retail bakery and food services (the "Golden Bakery Marks"); (b) Plaintiff's ownership rights to the Golden Bakery Marks take priority over any use by Defendants of the GOLDEN BAKERY name; (c) Plaintiff is the owner of all right and interest in the Golden Bakery Marks; and (c) Plaintiff's statements to the U.S. Patent and Trademark Office ("PTO") regarding Plaintiff's use of the Golden Bakery Marks were not knowingly false or material misrepresentations of fact and all representations had a reasonable and legitimate basis.

2.      Plaintiff also brings this claim for an injunction ordering the Dearborn Heights Defendants to stop their continued, willful, and unlicensed use of the GOLDEN BAKERY name on, and in connection with, the retail bakery and food service location in Dearborn Height, Michigan.

2

3.      Plaintiff owns the GOLDEN BAKERY middle-eastern restaurant and bakery on W. Warren Avenue in Dearborn, Michigan, which opened for business in 1988 and has more than thirty years of uninterrupted operation since then. Plaintiff acquired ownership of the GOLDEN BAKERY middle-eastern restaurant and bakery in 2016 when Plaintiff purchased the business and its assets from its original owners.

4.      In the course of Plaintiff's ownership and operation of the Dearborn, Michigan, GOLDEN BAKERY restaurant and bakery, Plaintiff granted in 2016 a verbal personal and non-transferable license to Defendant Ali Soweidan to use the GOLDEN BAKERY name for a bakery located in Dearborn Heights, Michigan.

5.      Plaintiff's verbal license to Defendant Ali Soweidan to use the GOLDEN BAKERY name for the bakery located in Dearborn Heights, Michigan, terminated when Defendant Ali Soweidan sold the bakery located in Dearborn Heights, Michigan, to the Dearborn Heights Defendants.

6.      The Dearborn Heights Defendants have challenged Plaintiff's application for PTO registration of the GOLDEN BAKERY name as a mark for retail bakery services. The Dearborn Heights Defendants and Defendant Golden Bakery, Inc. filed, before the Trademark Trial and Appeal Board ("TTAB"), separate notices of opposition to Plaintiff's application for PTO registration that were consolidated into a single TTAB proceeding that is still pending.

7.      Despite Plaintiff's formal written request that the Dearborn Heights Defendants cease using Plaintiff's GOLDEN BAKERY name for the Dearborn

Heights Defendants' bakery located in Dearborn Heights, Michigan, the Dearborn Heights Defendants continue their unlicensed use of the GOLDEN BAKERY name.

## PARTIES

8. Plaintiff 14526 Golden Bakery, LLC is a Michigan limited liability company with its principal place of business at 14526 W. Warren Avenue in Dearborn, Michigan. Plaintiff operates a middle-eastern bakery and restaurant in Dearborn, Michigan, that uses the GOLDEN BAKERY name and has done so since 1988.

9. Defendant Golden Bakery & Grill, LLC is, upon information and belief, a limited liability company organized under the laws of the State of Michigan. Upon further information and belief, Defendant Golden Bakery & Grill operates a middle-eastern bakery and restaurant business located at 26433 Ford Rd, Dearborn Heights, Michigan, 48127, that that opened in 2016 and, since 2021, has been using the GOLDEN BAKERY name without permission or approval from Plaintiff. Defendant Golden Bakery & Grill is a party to the TTAB proceeding that opposes Plaintiff's pending application for PTO registration of the GOLDEN BAKERY name as a mark for Plaintiff's retail bakery services.

10. Defendant Hassan A. Khreis is, upon information and belief, an individual residing at 27201 Terrell Street, Dearborn Heights, Michigan. Mr. Khreis is identified on the Articles of Organization for Defendant Golden Bakery & Grill, LLC as its organizer and registered agent. Defendant Khreis is personally a party to the pending TTAB proceeding that opposes Plaintiff's application for PTO

registration of the GOLDEN BAKERY name as a mark for Plaintiff's retail bakery services.

11.     Defendant Golden Bakery, Inc. is, upon information and belief, a Michigan corporation with a mailing address of 21335 Hickorywood Court, Dearborn Heights, Michigan. Defendant Golden Bakery, Inc. is a party to the pending TTAB proceeding that opposes Plaintiff's application for PTO registration of the GOLDEN BAKERY name as a mark for Plaintiff's retail bakery services.

12.      Defendant Ali Soweidan is, upon information and belief, an individual residing at 21335 Hickorywood Court, Dearborn Heights, Michigan. Mr. Soweidan was the original owner and operator of a restaurant located at 26433 Ford Road in Dearborn Heights, Michigan, that was using, under a verbal, personal and non-transferable license from Plaintiff, the GOLDEN BAKERY name. Upon further information and belief, Mr. Soweidan is the registered agent and sole owner of Defendant Golden Bakery, Inc.

## JURISDICTION AND VENUE

13.     This is an action arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the Declaratory Judgment Act 28 U.S.C. §§ 2201 and 2202.

14.     This Court has jurisdiction over this matter pursuant to 15 U.S.C. §§ 1114 and 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b) in that it involves an action arising under the Lanham Act.

15.     This Court has personal jurisdiction over the Defendants because they are believed to be corporations and individuals located within this judicial district,

and the actions that give rise to this complaint, including Defendants' unauthorized use and infringement of Plaintiff's Golden Bakery Marks, occurred within this judicial district. Furthermore, the Defendants' infringing activities have directly affected the Plaintiff's business operations within this judicial district.

16.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District. Specifically, the Plaintiff's principal place of business is located within this District, and the Defendants' unauthorized use of Plaintiff's Golden Bakery Marks and TTAB opposition to Plaintiff's  pending application for PTO registration of that mark have directly and negatively affected  Plaintiff's business operations and trademark rights within this District. Additionally, Plaintiff obtained its rights to the Golden Bakery Marks and maintained those rights within this District, further grounding this venue for the present action.

## FACTS

**A.**     **History of the Golden Bakery Marks.**

17.     A bakery and restaurant using the name GOLDEN BAKERY as a trademark for its food products and as a service mark for its food services has been continuously operating on W. Warren Avenue in Dearborn, Michigan, since 1988.

18.     The Hammoud family originally operated the GOLDEN BAKERY restaurant and bakery at a store located at 13750 W. Warren Avenue in Dearborn, Michigan.

19.     Hussien Hammoud incorporated Dearborn Golden Bakery, Inc. in 1992, and Dearborn Golden Bakery, Inc. became the owner and operator of the GOLDEN BAKERY restaurant and bakery on W. Warren Avenue in Dearborn, Michigan.

20.     Dearborn Golden Bakery, Inc. moved the GOLDEN BAKERY restaurant and bakery in 1992 to a larger facility located at 14526 W. Warren, Dearborn, Michigan and, since that move, the GOLDEN BAKERY restaurant and bakery continues to operate in that location.

21.     Photographs taken as far back as July 2007 via Google Street View show the GOLDEN BAKERY restaurant and bakery as it appeared at that 14526 W. Warren location:



https://www.google.com/maps/@42.3438587,-83.1860897,3a,90y,5.41h,86.81t/data=!3m7!1e1!3m5!1sxeQp-bmStE7uSahzFa3BYg!2e0!5s20070701T000000!7i3328!8i1664?entry=ttu,     visited January 22, 2024.

22.     Another photograph from Google Street View shows the expanded and improved facility operating at the same address today:



https://www.google.com/maps/@42.3437772,-83.1860949,3a,75y,1.71h,92.13t/data=!3m6!1e1!3m4!1sH090M84N3_qWgkJH8wKTjw!2e0!7i16384!8i8192?entry=ttu, visited January 23, 2024.

**B.     Ali Soweidan's Dearborn Heights Restaurant.**

23.     Defendant Ali Soweidan is, upon information and belief, a relative of Hussein Hammoud.

24.      Mr. Soweidan opened and operated the GOLDEN BAKERY restaurant and bakery on Warren Street in Dearborn, Michigan, and formed Dearborn Golden Bakery, Inc. which later owned and operated the GOLDEN BAKERY restaurant and bakery in Dearborn, Michigan.

25.     In about 2008, Mr. Soweidan contacted the Hammoud family and requested permission from Dearborn Golden Bakery, Inc. to use the GOLDEN

BAKERY name for a new restaurant that Mr. Soweidan would own and operate in Dearborn Heights, Michigan.

26.     Notably, Mr. Soweidan made his request to the Hammoud family nearly 20 years after the Hammoud family and, later, Dearborn Golden Bakery, Inc., had been operating the GOLDEN BAKERY restaurant and bakery on W. Warren Avenue in Dearborn, Michigan.

27.     Dearborn Golden Bakery, Inc. granted Mr. Soweidan, in 2008 and because Mr. Soweidan is related to the Hammouds, verbal permission solely for Mr. Soweidan to use the GOLDEN BAKERY name for his restaurant that began operating that year at 26433 Ford Road, Dearborn Heights, Michigan.

28.     Dearborn Golden Bakery, Inc. and the Hammouds advised Mr. Soweidan, at the time they gave him verbal permission to use the GOLDEN BAKERY name, that permission was limited and would cease if Dearborn Golden Bakery, Inc. and the Hammouds ever chose to open a restaurant in Dearborn Heights.

29.     Mr. Soweidan indicated to Dearborn Golden Bakery, Inc. and the Hammouds that Mr. Soweidan agreed to the conditions for the verbal license. Mr. Soweidan also agreed to purchase from Dearborn Golden Bakery, Inc. certain bakery products and ingredients for the GOLDEN BAKERY restaurant in Dearborn Heights, Michigan.

30.     Mr. Soweidan incorporated Golden Bakery, Inc. with the State of Michigan in 2008.

C.    **The 2011 PTO Registration of the GOLDEN BAKERY Name as Marks for Bakery Products and Food Services.**

31.    Dearborn Golden Bakery, Inc. filed with the U.S. Patent and Trademark Office ("PTO"), on May 22, 2010, an application, Serial Number 85-045,722, for PTO registration of the GOLDEN BAKERY name as a trademark for "Bakery desserts; Bakery goods; Bakery goods and dessert items, namely, cheesecakes for retail and wholesale distribution and consumption on or off the premises; Bakery products; Bakery products, namely, sweet bakery goods; Mixes for bakery goods; Bread; Bread and buns; Bread and pastry; Bread rolls; Bread sticks" (the "Baked Goods") and as a service mark for "Cafe and restaurant services; Cafe-restaurants; Fast-food restaurants; Ice cream shop services in the nature of a restaurant; Restaurant; Restaurant and cafe services; Restaurant and catering services; Restaurant services; Restaurant services featuring sandwiches; Restaurant services featuring Middle-Eastern Cuisine; Restaurant services, including sit-down service of food and take-out restaurant services; Restaurant services, namely, providing of food and beverages for consumption on and off the premises; Restaurants" (the "Food Services").

32.    The Dearborn Golden Bakery, Inc. application for PTO registration of the GOLDEN BAKERY name stated that Dearborn Golden Bakery, Inc. first used the name as marks for the Baked Goods and Food Services on March 1, 1988, and first used the name in commerce as those marks on September 1, 1988.

33.    The PTO issued to Dearborn Golden Bakery, Inc. on August 2, 2011, PTO registration number 4,004,786 of the GOLDEN BAKERY name as a trademark

for the Baked Goods and as a service mark for the Food Services (collectively, with the Golden Bakery name, the "Golden Bakery Marks").

**D.   Plaintiff's 2016 Acquisition of All Rights to Golden Bakery Marks.**

34.     In 2016, Imad Dabaja, agreed to purchase the GOLDEN BAKERY restaurant and bakery in Dearborn, Michigan from Dearborn Golden Bakery, Inc. and Hussain Hammoud.

35.     To accomplish the transaction, Mr. Dabaja formed Plaintiff, a limited liability company named 14526 Golden Bakery, LLC, and registered with the State of Michigan.

36.     Plaintiff signed an Asset Purchase Agreement with Dearborn Golden Bakery, Inc. and Hussein Hammoud dated March 31, 2016. (A copy of the Second Amended Asset Purchase Agreement between Dearborn Golden Bakery, Inc. and Hussein Hammoud, on the one hand, and 14526 Golden Bakery, LLC, on the other, is attached as Exhibit A).

37.     The 2016 Asset Purchase Agreement expressly defines the "Acquired Assets" purchased by and transferred to Plaintiff and those Acquired Assets include, but are not limited to, the following:

- "[t]he goodwill of the GOLDEN BAKERY RESTAURANT as going concerns;"

- "the tradename "Golden Bakery" which is trademarked *[sic]* at the US Trademark Office" *[sic]*,

- the "Instruction Manual or Playbook of operations and methods;"

- "Trade Secrets and recipes for all food items on menu;" *[sic]* and

- the "Real Property located at 14526 W Warren, Dearborn MI 48126 and the Real Property located at 14544 Warren Ave., Dearborn, Michigan 48126."

38.    The 2016 Asset Purchase Agreement further required that: (1) "Seller shall cease the use of the 'Golden Bakery' name on any bread products which it packages outside the Golden Bakery Restaurant immediately after the First Closing;" and (2) "Seller shall manufacture, package *[sic]* under the 'Golden Bakery' name and supply pita bread to the purchaser under a supply agreement to be entered before closing."

39.    Mr. Dabaja and Plaintiff were aware in 2016 of the existence of the Dearborn Heights restaurant operated by Mr. Soweidan and the verbal license Dearborn Golden Bakery, Inc. had granted to Mr. Soweidan to use the GOLDEN BAKERY name for that restaurant.

40.    The 2016 Asset Purchase Agreement included a requirement that "Seller shall terminate the license given to the bakery at 26433 Ford Road, Dearborn Heights, Michigan to operate as a 'Golden Bakery' restaurant and shall cause that location to cease use of the name with six (6) months after the First Closing."

41.    Once the transaction closed, Plaintiff acquired all right, title and interest in the business operations and assets associated with the GOLDEN BAKERY restaurant and bakery in Dearborn, Michigan, including but not limited to the sole ownership rights in an to the Golden Bakery Marks.

42.    Since purchasing all the assets associated with the GOLDEN BAKERY restaurant and bakery in Dearborn, Michigan, Plaintiff has operated, and continues

to operate, the GOLDEN BAKERY restaurant and bakery on Warren Road in Dearborn where Plaintiff continues to provide food services in preparing made-to-order meals and selling retail food products including packaged pita breads, a variety of pies, cakes, and breads, and various Mediterranean foods.

**E.     The 2016 Verbal License by Plaintiff to Defendant Soweidan.**

43.     Around the time of the closing of Plaintiff's 2016 purchase of the GOLDEN BAKERY business, Mr. Soweidan contacted Mr. Dabaja about obtaining from Plaintiff permission for Golden Bakery, Inc. and Mr. Soweidan to use of the GOLDEN BAKERY name for the restaurant Golden Bakery, Inc. had operated in Dearborn Heights, Michigan.

44.     Plaintiff's attorney organized a meeting between Mr. Dabaja and Mr. Soweidan to discuss the issue and, at that meeting, Mr. Soweidan requested that Plaintiff give Golden Bakery, Inc. and Mr. Soweidan permission to use the GOLDEN BAKERY name for the restaurant Golden Bakery, Inc. had operated in Dearborn Heights.

45.     Plaintiff agreed verbally, in 2016, to allow Mr. Soweidan to continue using the GOLDEN BAKERY name for only the restaurant owned and operated through Golden Bakery, Inc. in Dearborn Heights, and for only so long as Mr. Soweidan owned and operated it, and for only so long as the Dabajas did not choose to open a GOLDEN BAKERY restaurant and bakery in Dearborn Heights. Plaintiff told Mr. Soweidan that he would need to forfeit use of the GOLDEN BAKERY name if any of those conditions changed. Mr. Soweidan agreed to all of those conditions and

he and Golden Bakery, Inc., also continued to buy food products and ingredients from Plaintiff.

46.    During the time that Golden Bakery, Inc. operated the restaurant located at 26433 Ford Road in Dearborn Heights, Michigan, Mr. Soweidan demonstrated on multiple occasions that he knew Golden Bakery, Inc had no right to transfer any license or other permission from Plaintiff relating to the use of the GOLDEN BAKERY name for the Dearborn Heights restaurant.

**F.    PTO Proceedings and Plaintiff's 2018 Applications Relating to the Golden Bakery Marks.**

47.    The PTO cancelled on March 9, 2018, PTO registration number 4,004,786 of the Golden Bakery Marks for Baked Goods and Food Services.

48.    The PTO records state that the PTO cancelled the registration because the owner of the registration "did not file an acceptable declaration under Section 8."

49.    Plaintiff filed on May 21, 2018, an application, Serial Number 87-929,867, for PTO registration of the "GOLDEN BAKERY" name as a mark for "Retail bakery shops" in International Class 035 (the "Plaintiff's 2018 Word Mark Application").

50.    Plaintiff's 2018 Word Mark Application states, in part that Plaintiff first used the GOLDEN BAKERY name anywhere and in commerce as a service mark for "Retail bakery shops" on March 01, 1988.

51.    The PTO approved Plaintiff's 2018 Word Mark Application for publication and published a notice of the approval on November 9, 2021.

52.     Separately, Plaintiff filed with the PTO on May 22, 2018, an application, Serial Number 87-931,280, to register the following GOLDEN BAKERY design as a service mark for "Retail bakery shops" in International Class 035 (the "Plaintiff's 2018 Design Mark Application"):



53.     The Plaintiff's 2018 Design Mark Application states, in part, that Plaintiff first used the GOLDEN BAKERY design (the "GOLDEN BAKERY Design Mark") as a service mark anywhere and in commerce on March 01, 1988.

54.     The PTO approved Plaintiff's 2018 Design Mark Application for publication and published a notice of the approval on July 2, 2019.

55.     The PTO issued on September 17, 2019, PTO registration number 5,859,955 of the GOLDEN BAKERY name and design as a service mark for "Retail bakery shops" (the "2019 GOLDEN BAKERY Design Mark Registration," a copy of which is attached hereto as Exhibit B).

**G.     Soweidan and Golden Bakery, Inc. Confirm that Plaintiff's License to Use the GOLDEN BAKERY Name was Personal and Non-transferrable.**

56.      In or about 2020 or 2021, Mr. Soweidan made it publicly known that he wished the restaurant at 26433 Ford Road in Dearborn Heights, Michigan.

57.     During this period, Mr. Soweidan contacted Imad Dabaja and offered to sell the Dearborn Heights restaurant to Plaintiff.

58.    Mr. Dabaja refused the offer and reminded Mr. Soweidan that Golden Bakery, Inc. did not have the right to include the GOLDEN BAKERY name in any sale of the Dearborn Heights restaurant.

59.    While Mr. Soweidan marketed the sale of the Dearborn Heights restaurant, at least two prospective purchasers contacted Imad Dabaja at Mr. Soweidan's direction to find out whether the prospective purchasers could continue to use the GOLDEN BAKERY name if they purchased the Dearborn Heights restaurant from Golden Bakery, Inc.

60.    Mr. Dabaja informed all potential purchasers of the Dearborn Heights restaurant, who contacted Mr. Dabaja about the sale of the restaurant, that Plaintiff was not willing to allow any new purchaser of the restaurant from Golden Bakery, Inc. to continue to use the GOLDEN BAKERY name for the Dearborn Heights restaurant.

**H.    The Dearborn Heights Defendants 2021 Purchase of the Dearborn Heights Restaurant from Ali Soweidan and Golden Bakery, Inc.**

61.    Upon information and belief, Mr. Soweidan and Golden Bakery, Inc. sold the Dearborn Heights restaurant to Defendants Golden Bakery & Grill, LLC and Hassan Khreis in September 2021.

62.    Sometime between September 2021 and January 2022, Mr. Soweidan told Imad Dabaja of the sale of the Dearborn Heights restaurant to Mr. Khreis and Golden Bakery & Grill, LLC and, at that time, Mr. Soweidan confirmed to Mr. Dabaja that the sale did not include the GOLDEN BAKERY name.

63.     Upon information and belief, Mr. Soweidan confirmed to Mr. Khreis on or after the September 2021 sale of the Dearborn Height restaurant to Defendants Golden Bakery & Grill, LLC and Khreis that Defendants Golden Bakery & Grill, LLC and Khreis had to stop using the GOLDEN BAKERY name and remove the GOLDEN BAKERY name from the Dearborn Heights restaurant.

## I.    The Opposition to Plaintiff's 2018 Word Mark Application and the Dearborn Heights Defendants' Refusal to Cease Using Plaintiff's Golden Bakery Mark.

64.     Golden Bakery, Inc. filed on January 8, 2022, a notice of opposition to Plaintiff's 2018 Word Mark Application and to PTO registration of the GOLDEN BAKERY Word Mark (TTAB Proceeding No. 91273877).

65.     Also on January 8, 2022, the Dearborn Heights Defendants filed a notice of opposition of the GOLDEN BAKERY Word Mark (TTAB Proceeding No. 91273875).

66.     The Notice of Opposition asserts, in part, that the TTAB should reject Plaintiff's 2018 Word Mark Application and refuse the PTO registration of the GOLDEN BAKERY Word Mark based on the Dearborn Heights Defendants' claims regarding: (a) "priority and likelihood of confusion;" (b) "[n]o use of mark in commerce before application, amendment to allege use, or statement of use was due;" (c) "[a]pplication not rightful owner of mark for identified goods or services;" and (d) "[f]raud on the USPTO."

67.     As discussed above, the Dearborn Heights Defendants' claims in the TTAB proceeding are demonstrably inaccurate and Plaintiff's rights in the Golden Bakery Marks, including the GOLDEN BAKERY Word Mark, date back to 1988

based on their consistent use since that time by Plaintiff and its predecessor owners and operator of the GOLDEN BAKERY restaurant and bakery in Dearborn, Michigan.

68.     The PTO consolidated the two proceedings, which are, nonetheless, still pending before the TTAB.

**J.     Plaintiff's Demand That the Dearborn Heights Defendants Cease and Desist Their Unwarranted Use of the Golden Bakery Marks**.

69.     Plaintiff learned in January 2022 that the Dearborn Heights Defendants had not, as Mr. Soweidan had said they had, ceased using the GOLDEN BAKERY name for the Dearborn Heights restaurant that Mr. Soweidan and Golden Bakery, Inc. sold to the Dearborn Heights Defendants.

70.     Based on the disclosure of that new information, counsel for Plaintiff sent to Hassan Khreis and Golden Bakery, Inc. on January 17, 2022, a letter named "Notice to Cease and Desist use of 'Golden Bakery.'" (The Cease and Desist Letter dated January 17, 2022 is attached as Exhibit C).

71.     The January 2022 Cease and Desist Letter advised Mr. Khreis and Golden Bakery, Inc. that Plaintiff "owns the assets of Dearborn Golden Bakery, Inc., which has . . . been operating in the Dearborn area since 1992."

72.     The January 2022 Cease and Desist letter also "demand[ed] that [the Dearborn Heights Defendants] agree, in writing, and immediately [to] cease and desist from using 'Golden Bakery' in association with your business in every respect" and  "remove the 'Golden Bakery' word mark from any and all building, advertising, packaging, product listing, materials, websites, and graphic images and cease all

other use of 'Golden Bakery' with your products and services, agreeing not to adopt that term – or any imitation of it – at any time in the future."

73.     The Dearborn Heights Defendants never provided any response to Plaintiff's letter.

74.     The Dearborn Heights Defendants did not comply with Plaintiff's demand and continue to use the "Golden Bakery" name in connection with their operation of their Dearborn Heights restaurant.

75.     The Dearborn Heights Defendants have also continued to maintain their baseless claims in the consolidated opposition proceedings before the TTAB.

<u>**CLAIM FOR RELIEF**</u>

**COUNT I**
**Declaratory Judgment**
**(Priority of Plaintiff's Rights in the Golden Bakery Marks)**

76.     Plaintiff re-alleges and incorporates by reference all allegations in this Complaint as though fully set forth herein.

77.     The GOLDEN BAKERY name has been used continuously in commerce since 1988 to identify a middle-eastern restaurant and bakery on West Warren Avenue in Dearborn, Michigan, initially operated at 13750 West Warren Avenue, and then at 14526 West Warren Avenue in Dearborn, Michigan.

78.     The initial owner and operator of the GOLDEN BAKERY restaurant and bakery in Dearborn, Michigan, registered the Golden Bakery Marks for Bakery Products and Food Services with the PTO.

79.     Plaintiff purchased, in 2016, from the initial owner and operator of the GOLDEN BAKERY restaurant and bakery in Dearborn, Michigan all ownership, rights title to, and interest in the GOLDEN BAKERY business.

80.     Since 2016, Plaintiff has owned and operated the GOLDEN BAKERY restaurant and bakery at 14526 West Warren Avenue in Dearborn, Michigan and provided restaurant services and sold retail food products identified by the GOLDEN BAKERY name.

81.     From 2008 to 2016, Mr. Soweidan the initial owner of a restaurant located at 26433 Ford Road in Dearborn Heights, Michigan, used the GOLDEN BAKERY name for the restaurant under a verbal license granted to Mr. Soweidan by the initial owner of the GOLDEN BAKERY restaurant and bakery in Dearborn, Michigan.

82.     That 2008 verbal license was terminated in 2016 when the initial owner of the GOLDEN BAKERY restaurant and bakery in Dearborn, Michigan, sold the business and all its assets to Plaintiff through a written agreement with an express provision requiring the initial owner to terminate that license.

83.     From 2016 to 2021, Mr. Soweidan the initial owner of the restaurant located at 26433 Ford Road in Dearborn Heights, Michigan, used the GOLDEN BAKERY name for the restaurant under a verbal license granted by Plaintiff under an express agreement that the license was personal to Mr. Soweidan.

84.     That 2016 verbal license was terminated in 2021 when Mr. Soweidan, the initial owner of the restaurant located at 26433 Ford Road in Dearborn Heights,

Michigan, sold the business and all of its assets to the Dearborn Heights Defendants in 2021.

85. The Dearborn Heights Defendants' actions, in filing their opposition to the Plaintiff's 2018 Word Mark Application to register the GOLDEN BAKERY name with the PTO and in continuing to us the GOLDEN BAKERY name for the restaurant and bakery at 26433 Ford Road in Dearborn Height, Michigan despite Plaintiff's January 18, 2023, cease-and-desist letter, create a case of actual controversy within the jurisdiction of this Court as to the scope of the parties' respective rights to exclusive use of the GOLDEN BAKERY name as a trademark and service mark for retail food products and food services, respectively.

86. As a result of the foregoing, Plaintiff is entitled to a declaratory judgment affirming the priority Plaintiff's current rights in use of the GOLDEN BAKERY name as a trademark and service mark for retail food products and food services, respectively, under federal and common law and that Plaintiff's rights are senior to any purported rights to the GOLDEN BAKERY name claimed by the Dearborn Heights Defendants.

87. Plaintiff has no adequate remedy at law, and the issuance of a declaratory judgment is necessary to prevent ongoing and future harm to its business, reputation, and goodwill associated with the GOLDEN BAKERY name as trademark and service mark for retail food products and food services, respectively.

**COUNT II**
**Declaratory Judgment**
**(Plaintiff has Full Ownership of the Golden Bakery Marks)**

88.     Plaintiff re-alleges and incorporates by reference all allegations in this Complaint as though fully set forth herein.

89.     As alleged above, Plaintiff is the owner by assignment of all ownership, right, title to, and interest in the GOLDEN BAKERY name as a trademark for retail food products and foods services, respectively, which are in use by Plaintiff and have been continuously used previously since 1988 by prior owners of the restaurant and bakery business operated on W. Warren Avenue in Dearborn Heights, Michigan, who assigned their rights to Plaintiff in 2016.

90.     All prior verbal licenses to use the GOLDEN BAKERY name for a restaurant operated at 26433 Ford Road in Dearborn Heights, Michigan, were terminated prior to 2022.

91.     Thus, the Dearborn Heights Defendants have no right to use the GOLDEN BAKERY name for any food products or services that is senior to the rights of Plaintiff to the GOLDEN BAKERY Marks.

92.     The Dearborn Heights Defendants' actions, in filing their opposition to Plaintiff's 2018 Word Mark Application to register the GOLDEN BAKERY name with the PTO and in continuing to use the GOLDEN BAKERY name for the restaurant at 26433 Ford Road in Dearborn Heights, Michigan despite Plaintiff January 18, 2023 cease-and-desist letter, create a case of actual controversy within the jurisdiction of this Court as to the scope of the parties' respective rights to exclusive use of the

22

GOLDEN BAKERY name as a trademark and service mark for retail food products and food services, respectively.

93.     As a result of the foregoing, Plaintiff is entitled to a declaratory judgment that its ownership rights in the GOLDEN BAKERY name as a trademark and service mark for retail food products and food services, respectively, that are senior to, and exclusive of, any right claimed by the Dearborn Heights Defendants to use of the GOLDEN BAKERY name.

94.     Plaintiff has no adequate remedy at law, and the issuance of a declaratory judgment is necessary to prevent ongoing and future harm to its business, reputation, and goodwill associated with the GOLDEN BAKERY name as a trademark for retail food products and food services, respectively.

## COUNT III
## Declaratory Judgment
## (No Fraud on the U.S. Patent and Trademark Office)

95.     Plaintiff re-alleges and incorporates by reference all allegations in this Complaint as though fully set forth herein.

96.     As demonstrated by the allegations above, Plaintiff, through its counsel, provided to the PTO, in Plaintiff's 2018 Word Mark Application, accurate and truthful information regarding the use of the GOLDEN BAKERY name as a mark for retail bakery services.

97.     As established by the facts alleged above regarding the history of the origin and use of the GOLDEN BAKERY name as a mark for retail bakery service

and the chain of title thereto, Plaintiff's statements to the PTO in Plaintiff's 2018 Word Mark Application were truthful and accurate.

98.    Plaintiff's statements in its 2018 Word Mark Application regarding use of the GOLDEN BAKERY name as a mark for retail bakery service were not knowingly false or material misrepresentations of fact.

99.    All of Plaintiff's statements in it 2018 Word Mark Application regarding use of the GOLDEN BAKERY name as a mark for retail bakery services had a reasonable and legitimate basis for representations.

100.    Plaintiff did not, and has not committed fraud in filing its 2018 Word Mark Application.

101.    The Defendants' claim of Plaintiff's alleged fraud on the PTO is a baseless attempt to undermine Plaintiff's legitimate trademark rights and to cause unnecessary litigation and hardship to Plaintiff.

102.    Due to the Dearborn Heights Defendants' unfounded allegations, there exists an actual case of controversy within the jurisdiction of this Court regarding their allegation of fraud on the PTO in Plaintiff's 2018 Word Mark Application.

103.    As a result, Plaintiff is entitled to a declaratory judgment affirming that it did not commit fraud on the PTO in Plaintiff's 2018 Word Mark Application and that Plaintiff did not knowingly make false, material misrepresentations of fact regarding use of the GOLDEN BAKERY name as a mark for retail bakery services and that there was a reasonable or legitimate basis for the representations.

104. Plaintiff has no adequate remedy at law, and the issuance of a declaratory judgment is necessary to clear its name and reputation from the unfounded allegations of fraud and to prevent ongoing and future harm to its business and the goodwill associated with the GOLDEN BAKERY name.

## COUNT IV
## Federal Trademark Infringement
## (Lanham Act § 32(1), 15 U.S.C. § 1114(1)(a) – Dearborn Heights Defendants)

105. Plaintiff re-alleges and incorporates by reference all allegations contained in this Complaint as though fully set forth herein.

106. This is an action for trademark infringement arising under 15 U.S.C. § 1114.

107. Plaintiff owns the 2019 GOLDEN BAKERY Design Mark Registration and that registration remains current.

108. Plaintiff has the exclusive right to use, and actively uses, the GOLDEN BAKERY Design Mark and has not authorized the Dearborn Heights Defendants to use or exploit the GOLDEN BAKERY Design Mark.

109. The parties are direct competitors in the sales of food products and the provision of food services.

110. Defendants' acts have caused, or are likely to cause confusion, mistake, or deception over whether the Dearborn Heights Defendants' restaurant and/or products sold there have their source or origin with, or are in some manner approved by, associated with, sponsored by, or connected with Plaintiff's products or services, all in violations of 15 U.S.C. § 1114 et. seq.

111. Upon information and belief, the Dearborn Heights Defendants' actions were undertaken willfully, and with the intent to confuse and deceive the public. In fact, in light of the Dearborn Heights Defendants' continued use of GOLDEN BAKERY name and the Dearborn Heights Defendant's prior knowledge of Plaintiff's rights and ownership and the termination of Plaintiff's license to Defendants' Soweidan and Golden Bakery, Inc., it is almost impossible that these action were not willful and intentional.

112. The Dearborn Heights Defendants' acts have damaged, or may damage, Plaintiff's business, reputation, and goodwill, and have interfered, or may interfere, with Plaintiff's use of the GOLDEN BAKERY name including, but not limited to reduce Plaintiff's revenues from the sale of its GOLDEN BAKERY brand products or services.

113. The economic and reputational injury to Plaintiff caused by the trademark infringement flows directly from the confusion and/or deception wrought by the Dearborn Heights Defendants' infringement of Plaintiff's trdemark rights and is continuing to occur because of the Dearborn Heights Defendants' unauthorized use of the GOLDEN BAKERY name.

114. The Dearborn Heights Defendants' unauthorized use of the GOLDEN BAKERY name confuses and/or deceives, or is reasonably like to confuse and/or deceive, consumers and prospective consumers of the Dearborn Heights Defendants' products and services and that confusion and/or deception causes, or is reasonably likely to cause, them to withhold trade from Plaintiff because that unauthorized use

26

creates the false impression that the Dearborn Heights Defendants' products and services originate from Plaintiff and that confusion and/or deception will, upon information and belief, lead consumers to purchase the Dearborn Heights Defendants' products/services on the erroneous belief that those products/services are the same as, or are authorized, sponsored or otherwise associated with, Plaintiff or Plaintiff's products and services.

115. Defendants have caused, and unless enjoined will continue to cause, irreparable harm and injury to Plaintiff for which there is no adequate remedy at law.

116. Pursuant to 15 U.S.C. § 1116, Defendants should be preliminarily and, upon final hearing, permanently enjoined from using any of the distinctive elements of the GOLDEN BAKERY Design Mark and/or any variants thereof in association with the sale of any goods, the operation of any restaurant, or the provision of any food products or services.

117. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants:

   a. All profits received by Defendants from their use of any of the distinctive elements of the GOLDEN BAKERY Design Mark, or variants thereof;

   b. Damages sustained by Plaintiff due to Defendants' use of any of the distinctive elements of the GOLDEN BAKERY Design Mark, or variants thereof;

   c. Exceptional damage for intentional infringement, bad faith, and willful conduct, equal to three time profits or damages, whichever is greater, and

   d. All costs of this action including attorneys' fees.

118. Pursuant to 15 U.S.C. § 1118, Plaintiff is also entitled to an order from the Court compelling Defendants to destroy all bakery products, packaging, advertising, and other materials displaying any of the distinctive elements of the GOLDEN BAKERY Design Mark or any variants thereof in association with the sale of any goods, the operation of any restaurant, or the provision of any food products or services.

### COUNT V
### Trademark Infringement and Unfair Competition under the Common Law of the State of Michigan
### (Against the Dearborn Heights Defendants)

119. Plaintiff re-alleges and incorporates by reference all allegations contained in this Complaint as though fully set forth herein.

120. This is a cause of action for trademark infringement and unfair competition under the common law of the State of Michigan.

121. As previously alleged, Plaintiff's GOLDEN BAKERY name has, since 1988, been continuously used in association with the sale of retail food products and foods services.

122. Plaintiff's GOLDEN BAKERY name is distinctive in that the name conveys to consumers that the goods and services using that name originate from, or are associated with, the owner and/or operator of the GOLDEN BAKERY restaurant and bakery that has, since 1988, operated on West Warren Avenue in Dearborn, Michigan.

123. As alleged herein, Plaintiff holds priority to the exclusive use of the GOLDEN BAKERY name for food products and food services based on, among other

things, Plaintiff's acquisition by assignment of all ownership, right, title to, and interest in the GOLDEN BAKERY restaurant and bakery business on West Warren Avenue in Dearborn, Michigan, including the GOLDEN BAKERY trademark for bakery products and foods services, respectively, which are in use by Plaintiff and have been continuously used previously since 1988 by prior owners of the restaurant and bakery business operated on W. Warren Avenue in Dearborn Heights, Michigan, who assigned their rights to Plaintiff in 2016.

124.   The Dearborn Heights Defendants are direct competitors of Plaintiff in the sale of retail food products and the provision of food services.

125.   The Dearborn Heights Defendants are deliberately and willfully attempting to trade on Plaintiff's long-standing and hard-earned goodwill in its GOLDEN BAKERY name and the reputation Plaintiff has established in connection with its GOLDEN BAKERY food services.

126.   The Dearborn Heights Defendants have also deliberately and willfully attempted to confuse consumers as to the origin and sponsorship of their goods and services and to pass them off as those of products made by Plaintiff and/or services provided by it, placing the valuable reputation and goodwill of Plaintiff in the hands of the Dearborn Heights Defendants without permission or approval by Plaintiff.

127.   By their actions, The Dearborn Heights Defendants have infringed Plaintiff's Golden Bakery Marks deliberately and with the intention of wrongfully trading on the goodwill and reputation symbolized by Plaintiff's GOLDEN BAKERY name.

128.   The Dearborn Heights Defendants' conduct is likely to cause appreciable confusion, mistake, or deception as to the affiliation, connection or association of the Dearborn Heights Defendants' good and services with Plaintiff and the products sold and services sold in association with the GOLDEN BAKERY name.

129.   As a result of the Dearborn Heights Defendant's conduct, Plaintiff has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established in Plaintiff's GOLDEN BAKERY name.

130.   The Dearborn Heights Defendants' use of the GOLDEN BAKERY name confuses and/or deceives, or is reasonably likely to confuse and/or deceive consumers and that confusion and/or deception causes, or is reasonably likely to cause, consumer to withhold trade from Plaintiff by purchasing the Dearborn Heights Defendants' products and services instead of Plaintiff's competing products and services.

131.   The Dearborn Heights Defendants have caused or are reasonably like to cause, and unless enjoined will continue to cause or will cause, irreparable harm and injury to Plaintiff for which there is no adequate remedy at law.

132.   Thus, Plaintiff is entitled to recover an amount equal to the amount of profits that the Dearborn Heights Defendants have derived or may continue to derive as a result of their unlawful misappropriation and infringement of Plaintiff's GOLDEN BAKERY Marks.

133.   Defendants' conduct as described above has been willful, deliberate, malicious, and with intent to injure Plaintiff. Therefore, Plaintiff is entitled to recover exemplary damages from Defendants in an amount sufficient to punish the Dearborn

Heights Defendants and to deter them and other from engaging in similar wrongful conduct in the future.

134.    The Dearborn Heights Defendants should be preliminarily, and upon final hearing, permanently enjoined from using the GOLDEN BAKERY name or variants thereof.

## COUNT VI
### False Designation of Origin and Unfair Competition
### (Lanham Act § 43(a), 15 U.S.C. § 1125(a)(1)(A) – Against the Dearborn Heights Defendants)

135.    Plaintiff re-alleges and incorporates by reference all allegations contained in this Complaint as though fully set forth herein.

136.    This is an action for false designation of origin and unfair competition arising under 15 U.S.C. § 1125(a).

137.    The parties are direct competitors in the sales of retail food products and the provision of food services.

138.    The Dearborn Heights Defendants' use of the GOLDEN BAKERY name in the operation of their restaurant constitutes a false designation of origin that has caused, or is reasonably likely to cause, confusion, mistake, and deception as to the affiliation, connection, or association between the Dearborn Heights Defendants' products and services and Plaintiff's retail food products and food services, all in violation of 15 U.S.C. § 1125(a)(1)(A).

139.    The Dearborn Heights Defendants have infringed on Plaintiff's rights to the GOLDEN BAKERY Marks in order to compete against Plaintiff; trade on Plaintiff's reputation and goodwill by causing consumer confusion and mistake; and

deceive the public into believing that the Dearborn Heights Defendants' products and services are associated with, sponsored by, or approved by Plaintiff.

140. The Dearborn Heights Defendants had actual knowledge of Plaintiff's prior ownership and use of the GOLDEN BAKERY Marks and, without consent, have willfully violated 15 U.S.C. § 1125(a).

141. On information and belief, the Dearborn Heights Defendants' use of the GOLDEN BAKERY name injures Plaintiff's commercial interest in its reputation and reduces its sales of its products and services.

142. The economic and reputational injury to Plaintiff of the infringement flow directly from the confusion and/or deception wrought by the Dearborn Heights Defendants' infringement of the GOLDEN BAKERY Marks and Plaintiff's trademark rights.

143. The economic and reputational injuries occur due to the Dearborn Heights Defendants' verbatim use of the GOLDEN BAKERY name.

144. Defendants' use of the GOLDEN BAKERY name confuses and/or deceives consumers and that confusion and/or deception causes them to withhold trade from Plaintiff by purchasing the Dearborn Heights Defendants' products and services instead of Plaintiff's competing products and services.

145. The Dearborn Heights Defendants' use of the GOLDEN BAKERY name creates the false impression that the Dearborn Heights Defendants' products and services originate from the same source as Plaintiff's directly competitive products.

146.   The false impression created by the Dearborn Heights Defendants' use of the GOLDEN BAKERY name has and/or will, upon information and belief, lead consumers to purchase the Dearborn Heights Defendants' products and services on the erroneous belief that the Dearborn Heights Defendants' products and services are the same as Plaintiff's products or are associated with, sponsored by, or approved by Plaintiff.

147.   As a direct and proximate result of the foregoing acts by the Defendants Heights Defendants, Plaintiff has suffered, and continues to suffer, substantial damages not yet determinable, including irreparable injury for which there is no adequate remedy at law. Such irreparable injury will continue unless and until the Dearborn Heights Defendants are preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

148.   Pursuant to 15 U.S.C. § 1116, the Dearborn Heights Defendants should be preliminarily and, upon final hearing permanently, enjoined from using the GOLDEN BAKERY name or variants thereof, or otherwise unfairly competing against Plaintiff or infringing on its trademark rights in the GOLDEN BAKERY Marks.

149.   Pursuant to 15 U.S.C. § 1117, BBK is entitled to recover from the Dearborn Heights Defendants:

> a.   The Dearborn Heights Defendants' profits from sales while utilizing the GOLDEN BAKERY name or any variants thereof;
>
> b.   Plaintiff's actual damages, including, but not limited to, its added advertising costs necessitated by the Dearborn Heights

Defendants' sales using the GOLDEN BAKERY name or any variants thereof;

c.    Exceptional damages for intentional infringement, bad faith, and willful conduct, equal to three times profits or damages, whichever is greater; and

d.    The costs of this action.

150.    Furthermore, Plaintiff seeks an order from this Court under 15 U.S.C. § 1118 compelling the Dearborn Heights Defendants to destroy all materials bearing the GOLDEN BAKERY name or any variants thereof.

**COUNT VII**
**Breach of Contract**
**(Against Defendants Soweidan and Golden Bakery, Inc.)**

151.    Plaintiff re-alleges and incorporates by reference all allegations contained in this Complaint as though fully set forth herein.

152.    Plaintiff entered into a verbal agreement with Defendants Soweidan and Golden Bakery, Inc in 2016 during a meeting at the office of counsel for Plaintiff.

153.    The verbal agreement permitted Defendants Soweidan and Golden Bakery, Inc. to use the GOLDEN BAKERY name in conjunction with Mr. Soweidan's personal operation of the restaurant located at 26433 Ford Road in Dearborn Heights, Michigan but was limited to Mr. Soweidan's and Golden Bakery, Inc.'s operation and was revocable at will by Plaintiff.

154.    As additional terms of the revocable verbal agreement, Mr. Soweidan agreed on his own behalf and on behalf of Golden Bakery, Inc. that they would not and could not transfer the license to any third party and that they would not be

34

permitted to continue using the GOLDEN BAKERY name if Plaintiff decided to operate a restaurant in Dearborn Heights, Michigan.

155.    Defendants Soweidan and Golden Bakery, Inc. were well aware of the limitations under the verbal agreement, as indidcated when Mr. Soweidan directed potential purchasers of the restaurant in Dearborn Heights, Michigan, to ask Plaintiff whether it would permit them to use the GOLDEN BAKERY name if they purchased the restaurant from Soweidan and Golden Bakery, Inc.

156.    Plaintiff notified all prospective purchasers of the restaurant in Dearborn Heights, Michigan that Plaintiff has denied, and would deny, any requests of third parties for permission to use the GOLDEN BAKERY name for the restaurant in Dearborn Heights, Michigan.

157.    Defendants Soweidan and Golden Bakery, Inc. breached their agreement with Plaintiff when they signed an asset sale agreement with the Dearborn Heights Defendants that purported to convey to the Dearborn Heights Defendants the right to use the GOLDEN BAKERY name for the restaurant in Dearborn Heights.

158.    In the time since that breach, Defendants Soweidan and Golden Bakery, Inc. have further breached the agreement by failing to take adequate steps to prevent the Dearborn Heights Defendants from their continued unlawful and infringing conduct as discussed above.

159.    The damages resulting from Defendants Soweidan and Golden Bakery, Inc.'s breaches are extensive and include lost sales to the Dearborn Heights

Defendants, all other damages recoverable for the Dearborn Heights Defendants' infringing conduct and unfair competition as outlined above, the costs of litigating against the Dearborn Heights Defendants' relating to their unjustified opposition to Plaintiff's 2018 Word Mark Application, and the costs associated with bringing this action to stop the Dearborn Heights Defendant's on-going illegal conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered in its favor:

A.   Declaring that Plaintiff:

1. is the senior owner of rights to the GOLDEN BAKERY name as a trademark for retail food products and as a service mark for retail bakery and food services, i.e. the Golden Bakery Marks;

2. owns all rights to the Golden Bakery Marks that take priority over any claim to, or use by, Defendants of the GOLDEN BAKERY name for retail food products and/or food services; and

3. did not commit fraud on the U.S. Patent and Trademark Office in connection the statements made in Plaintiff's 2018 Work Mark application.

B.   Preliminarily and permanently enjoining Defendants, and each of them, and where applicable, Defendants' employees, officers, directors, agents, successors, and assigns of Defendants, and any other person or entity in active concert or participation with any of them from challenging Plaintiff's use of and ownership or PTO registration of the Golden Bakery Marks for food products and food services.

C.    Preliminarily and permanently enjoining Defendants and each of them, and where applicable, Defendants' employees, officers, directors, agents, successors, and assigned of Defendants, and any other person or entity in active concert or participation with any of them from:

1. using the GOLDEN BAKERY name or any variant thereof in commerce for any food products and/or food services;

2. engaging in any conduct which will cause, or is likely to cause confusion, mistake, deception, or misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of Defendants' businesses with the "Golden Bakery" food products and services sold by Plaintiff; and/or

3. otherwise infringing upon the Golden Bakery Marks or unfairly competing with Plaintiff in any manner involving the GOLDEN BAKERY name whatsoever.

D.    Issuing a mandatory injunction requiring Defendants, and each of them, to immediately do the following:

1. remove all signage from any restaurant operated or affiliated with any of the Defendants, which uses the GOLDEN BAKERY name and/or any variant thereof on or in connection with any food products and/or food services;

2. destroy all shirts, aprons, uniforms, bags and other materials, publications, labels, packaging, boxes, in-store displays,

advertisement, or other material displaying the GOLDEN BAKERY name and/or any variant thereof;

3. take down all internet sites, social media threads, or other internet publications affiliated with Defendants, which uses the GOLDEN BAKERY name and/or any variant thereof;

4. file with the Court and serving upon Plaintiff's counsel, within thirty (30) days after entry of the mandatory injunction, a report in writing and signed under oath by respective corporate officers of each of Defendants and by Mr. Khreis, and Mr. Soweidan individually and personally, setting forth in detail the manner and form in which each Defendant, including but not limited to Mr. Khreis and Mr. Soweidan individually and personally, has complied with each of the terms of the Order entered by the Court in this matter, pursuant to 15 U.S.C. § 1116.

E.   Entering judgment pursuant to 15 U.S.C. § 1117 and the common law, against Defendants, and each of them, for any and all damages, specifically including, but not limited to: (a) monetary damages sustained by Plaintiff; (b) any profits earned by Defendants as a result of the unlawful acts of Defendants as set forth herein; (c) treble damages; (d) all costs of this action and prejudgment interest; and (e) reasonable attorney fees.

F.      Entering judgment against Defendants Golden Bakery, Inc. and Soweidan for damages arising from their breach of the verbal license agreement with Plaintiff.

G.      Such other and further preliminary and final relief that the Court deems just, equitable and proper.

## DEMAND FOR A TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands trial by jury on all issues so triable.

Respectfully submitted,

**DICKINSON WRIGHT PLLC**

Dated:  January 26, 2024                By: *s/David S. Becker*

David S. Becker
55 West Monroe, Suite 1200
Chicago, Illinois 606063
dbecker@dickinsonwright.com
Telephone: (312) 377-7881
Fascimile: (844) 670-6009

Ashley Fernandez
2600 Big Beaver Rd., Suite 300
Troy, Michigan 48084
(248) 433-7200
afernandez@dickinson-wright.com

Frank G. Long (pending admission pro hac vice)
1626 Wazee Street, Suite 200
Denver, Colorado 80202
(303) 723-8400
flong@dickinson-wright.com

**ATTORNEYS FOR PLAINTIFF
14526 GOLDEN BAKERY**